T.C. Summary Opinion 2006-157

UNITED STATES TAX COURT

DEBO JOEL OGUNGBADE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3587-05S.                    Filed September 26, 2006.

Debo Joel Ogungbade, pro se.

Kathleen K. Raup, for respondent.

RUWE, Judge:  This case was heard pursuant to section 7463[1] in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $6,225 and an accuracy-related penalty of $1,245 under section 6662(a) for 2002. After concessions by petitioner,[2] the issues for decision are whether petitioner is: (1) Entitled to claim a $2,606 deduction for cash charitable contributions; (2) entitled to claim a $1,500 education credit; and (3) liable for the section 6662(a) accuracy-related penalty.

There are no written stipulations. The parties orally stipulate some exhibits, and those exhibits are incorporated herein by this reference. Petitioner timely electronically filed a 2002 tax return. On January 25, 2005, respondent mailed a statutory notice of deficiency to petitioner with respect to the taxable year 2002.

---

[2] Petitioner does not contest the following determinations by respondent: (1) That petitioner is not entitled to claim unreimbursed medical and dental expenses on Schedule A, Itemized Deductions, of $6,232, before application of the 7.5-percent adjusted gross income limit; (2) that petitioner is not entitled to claim Schedule A education expenses of $3,532, before application of the 2-percent adjusted gross income limit; (3) that petitioner did not engage in a business or receive self-employment income of $3,187; (4) that petitioner is not entitled to claim meals and entertainment expenses on Schedule C, Profit or Loss From Business, of $788, before application of the 50-percent reduction; (5) that petitioner is not entitled to claim Schedule C car or truck expenses of $8,592; (6) that petitioner is not entitled to claim Schedule C insurance (other than health) of $2,354; (7) that petitioner is not entitled to claim Schedule C travel expenses of $1,354; (8) that petitioner is not entitled to claim Schedule C utilities expenses of $3,142; and (9) that petitioner is not entitled to claim Schedule C other expenses of $2,165.

## Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual issues may shift to the Commissioner where the taxpayer introduces credible evidence and complies with substantiation requirements, maintains records, and cooperates fully with reasonable requests for witnesses, documents, and other information. Petitioner has not met the requirements of section 7491(a) because he has not met the substantiation requirements or introduced credible evidence regarding the deductions and credits at issue.

1.   Charitable Contributions

Section 6001 and section 1.6001-1(a), Income Tax Regs., require that any person subject to tax or any person required to file a return of information with respect to income, shall keep such permanent books of account or records, as are sufficient to establish the amount of gross income, deductions, credits, or other matter required to be shown by such person in any return of such tax or information. Deductions are strictly a matter of legislative grace and the taxpayer bears the burden of proving entitlement to the claimed deduction. Rule 142(a); INDOPCO, Inc.

v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 170(a) allows as a deduction any charitable contribution the payment of which is made within the taxable year. Deductions for charitable contributions are allowable only if verified under regulations prescribed by the Secretary. Sec. 170(a)(1). In general, the regulations require a taxpayer to maintain for each contribution of money one of the following: (1) A canceled check; (2) a receipt from the donee;[3] or, in the absence of a check or receipt, (3) other reliable written records. Sec. 1.170A-13(a)(1), Income Tax Regs. Section 1.170A-13(a)(2)(i), Income Tax Regs., provides special rules to determine the reliability of records on the basis of all the facts and circumstances of the particular case and further provides factors to consider in making this determination, including: (1) Whether the writing that evidences the contribution was written contemporaneously and (2) whether the taxpayer keeps regular records of the contributions.

At trial, petitioner produced a document titled "Rosicrucian Statement" dated September 12, 2001, which reflects that his AMORC membership was paid up to the end of August 2002. The statement shows quarterly and annual membership rates of $59 and

---

[3] A receipt is required to contain the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs.

$212, respectively. Petitioner produced a similar document titled "AMORC Statement" dated March 15, 2002, which also reflects that his AMORC membership was paid up to the end of August 2002. The latter statement shows quarterly and annual membership rates of $61 and $215, respectively. Petitioner testified that these rates represent dues that he paid to the Rosicrucian Order AMORC and that the Order is "more or less a philosophical organization. Religion, yes." Petitioner also testified that he made the payments listed on the statements, but he could not recall when or, more specifically, in which year they were made. Since both of the introduced statements indicate payments of dues to the Rosicrucian Order through August 2002 and the first statement is dated September 12, 2001, it would appear that the dues were paid in 2001.

Petitioner also offered a checking account statement and two canceled checks; one payable to "H. Spencer Lewis Chapter" for $120 and the other payable to "PSE&G" for $23.43. Petitioner claimed that the statement and checks represented payments made to a local temple.

Petitioner offered no other evidence to support the $2,606 in charitable contributions that he deducted. We find that petitioner failed to produce reliable evidence of his purported contributions or to meet his burden of proof. We hold that

respondent's determination disallowing petitioner's claimed charitable contribution deductions is sustained.

2.    Education Credit

An individual taxpayer may claim the Hope Scholarship Credit for payments made to an eligible educational institution for qualified tuition and related expenses of an eligible student during the first two years of that student's post secondary education.  Sec. 25A(b)(2)(C).  For taxable years beginning in 2002, 100 percent of qualified tuition and related expenses not in excess of $1,000 and 50 percent of the next $1,000 of such expenses are taken into account in determining the amount of the Hope Scholarship Credit under section 25A(b)(1) and (4).  Rev. Proc. 2001-59, sec. 3.04, 2001-2 C.B. 623, 625.  For tax years beginning in 2002, a taxpayer's modified adjusted gross income in excess of $41,000 is taken into account in determining the reduction under section 25A(d)(2)(A)(ii) in the amount of the Hope Scholarship Credit otherwise allowable under section 25A(a). Id.  Thus, in 2002, the allowable amount of the credit is reduced for taxpayers who have a modified adjusted gross income over $41,000 and is completely phased out when the modified adjusted gross income reaches $51,000.  See sec. 25A(d)(2).

The notice of deficiency indicates that, absent a phaseout reduction, petitioner established sufficient education expenses to qualify for the maximum $1,500 Hope Scholarship Credit.  As

per the notice of deficiency, petitioner's modified adjusted gross income in 2002 was $49,184.  Nevertheless, petitioner claimed the maximum $1,500 Hope Scholarship Credit on his 2002 return.  Respondent does not challenge petitioner's eligibility for the Hope Scholarship Credit.  Rather, respondent argues that since petitioner's modified adjusted gross income exceeds $41,000, the allowable credit must be reduced in accordance with the provisions of section 25A(d).  Petitioner produced no evidence or argument to refute this.  We find that respondent properly adjusted petitioner's claimed education credit, allowing petitioner a credit of $273.

3.   Section 6662(a)

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662.  Section 6662(a) provides an accuracy-related penalty equal to 20 percent of the underpayment required to be shown on a return in certain circumstances.  Those circumstances include whether the underpayment, or a portion thereof, is:  (1) Due to negligence or disregard of rules or regulations, or (2) attributable to any substantial understatement of income tax.  Sec. 6662(b)(1) and (2).

For purposes of section 6662, the term "negligence" includes "any failure to make a reasonable attempt to comply with the provisions of * * * [the Code], and the term 'disregard' includes

any careless, reckless, or intentional disregard." Sec. 6662(c).
"Negligence" also includes any failure by a taxpayer to keep
adequate books and records or to substantiate items properly.
Sec. 1.6662-3(b), Income Tax Regs.

Section 6662(d)(1)(A) provides that there is a substantial
understatement of income tax for any taxable year if the amount
of the understatement for the taxable year exceeds the greater
of: (1) 10 percent of the tax required to be shown on the return
for the taxable year, or (2) $5,000. The term "understatement"
means the amount of tax required to be shown on the return for
the taxable year, over the amount of tax imposed which is shown
on the return, reduced by any rebate. Sec. 6662(d)(2)(A). All
of the adjustments determined in the notice of deficiency have
been conceded or sustained. Petitioner's return reported a tax
of $1,046. The amount of the deficiency is $6,225.

An accuracy-related penalty is not imposed with respect to
any portion of the underpayment as to which the taxpayer acted
with reasonable cause and in good faith. Sec. 6664(c)(1); see
Higbee v. Commissioner, 116 T.C. 438, 448 (2001). This
determination is made based on all the relevant facts and
circumstances. Higbee v. Commissioner, supra at 448; sec.
1.6664-4(b)(1), Income Tax Regs. "Relevant factors include the

taxpayer's efforts to assess his proper tax liability, including the taxpayer's reasonable and good faith reliance on the advice of a professional such as an accountant." Higbee v. Commissioner, supra at 448-449. Other circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer. Sec. 1.6664-4(b)(1), Income Tax Regs.

To prevail, the Commissioner must produce sufficient evidence that it is appropriate to apply the penalty to the taxpayer. Higbee v. Commissioner, supra at 446. Once the Commissioner meets his burden of production, the taxpayer bears the burden of supplying sufficient evidence to persuade the Court that the Commissioner's determination is incorrect. Id. at 447.

Petitioner has failed to keep adequate records or to substantiate properly the items in question. The record indicates that there is a substantial understatement of tax on petitioner's return. Respondent has provided sufficient evidence to meet his burden of production. Petitioner has not produced evidence to prove that respondent's determination of either negligence or, alternatively, a substantial understatement is

incorrect.  We hold that petitioner is liable for the accuracy-related penalty under section 6662.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.